**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EDDIE LEE DARIEN, JR.,**

    **Plaintiff,**

v.                                                                  **Case No.  8:14-cv-446-T-23TBM**

**CITY OF TAMPA POLICE
DEPARTMENT, et al.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's **Affidavit of Indigency** (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *Id.* at (e)(2)(A), (B).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff Eddie Lee Darien, Jr. brings suit against the City of Tampa Police Department, Chief Jane Castor, Major Gerald Honeywell, Captain Gonzalez, Lieutenant Penechik, and Detective Thomas Stefan for purported arbitrary and capricious conduct. Plaintiff's jumbled pleadings indicate that on December 16, 2007, he was injured in an automobile accident which was the fault of Melvin I. Ortiz, the driver of the other vehicle. Plaintiff claims that Ortiz attempted a "hit and run," and he and his passenger followed Ortiz while attempting to call 911. When Plaintiff pulled his vehicle up to Ortiz, Ortiz exited his car and ran in front of Plaintiff's car. When the police arrived, Ortiz told the police he had

been hit by Plaintiff. Plaintiff alleges he was then wrongfully charged and arrested at the scene for "attempting to avoid Ortiz," from "eluding" the original automobile crash that Ortiz was at fault in, whereas Ortiz was not charged with a criminal offense after the facts were made known to the Tampa Police officer of Ortiz's attempt to flee from the initial accident. Thus, Plaintiff asserts that the Tampa Police Department acted in negligence of its duties, abandonment of professional responsibilities, with deliberate indifference in regards to the December 16, 2007 accident that would have warranted the arrest of Ortiz.

Obviously, the allegations of the Complaint are a motley mixture of claims against Defendants. First, he claims to bring the action "for the arbitrary and capricious conducts that are the direct results of violations of the Plaintiff's civil rights" pursuant to the due process clause of the 14th Amendment; Article II, section 2 of the Florida Constitution; and the American Disabilities Act, 42 U.S.C. § 12101. Plaintiff also alleges a violation of Florida Statute § 316.068, the State Uniform Traffic Control Laws, as well as the Tampa Police Department's Polices and Procedure Directive/Implementation of Plan. Plaintiff next asserts a claim for gross neglect of duty. Then, Plaintiff also urges that this is an action for willful abandonment of professional responsibilities, deliberate indifference, undue influence, and deprivation of constitutional rights, pursuant to 42 U.S.C. § 1981. *See* (Doc. 1).

While it is conceivable that Plaintiff may have a legitimate and cognizable claim, perhaps for false arrest or on some other basis, the factual allegations here are a rambling mess with inconsistent legal theories which fail to clearly identify a plausible claim against any particular person or entity. While Plaintiff states certain statutory authorities under which he is pursuing his claim, he does not adequately plead any elements under those statutes, nor

under any common law cause of action.  Moreover, as the accident at issue occurred in December 2007, it is unclear whether there may be statute of limitations concerns.

For these reasons, I recommend that the Court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2).  It is further recommended that the Court grant the Petitioner permission to file an Amended Complaint which clearly sets forth a cause of action cognizable in this Court consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

>                                Respectfully submitted on this
>                                12th day of May 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
United States District Judge Steven D. Merryday
*Pro se* Plaintiff