**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EDDIE LEE DARIEN, JR.,**

    **Plaintiff,**

**v.**                                                                                                **Case No.  8:14-cv-446-T-23TBM**

**CITY OF TAMPA POLICE
DEPARTMENT, et al.**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Plaintiff's Amended Complaint (Doc. 9), which the Court construes as also seeking a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *Id.* at (e)(2)(A), (B).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

By his Amended Complaint, Plaintiff Eddie Lee Darien, Jr. brings suit against the City of Tampa Police Department, Chief Stephen Hogue (retired), Chief Jane Castor, and Patrolman Henderson for purported arbitrary and capricious conduct. The underlying facts for the suit remain substantially the same. As previously recounted by the Court, Plaintiff's pleadings indicate that on December 16, 2007, he was injured in an automobile accident which was the fault of Melvin I. Ortiz, the driver of the other vehicle. Plaintiff claims that Ortiz attempted a "hit and run," and he followed Ortiz while calling 911. Ortiz then crashed into another vehicle. When Plaintiff arrived at the second accident, Ortiz was attempting to

flee on foot and ran in front of Plaintiff's car to stage an incident of a run-down.  When the police arrived, Plaintiff alleges he was falsely accused of assaulting Ortiz.  Despite Plaintiff and witnesses giving detailed facts of the entire incident to the police, the officers prepared an accident report and denied Plaintiff the opportunity to contest the allegations set forth by Ortiz in the police report.  Thus, Plaintiff asserts that he was "the victim of an un-justified arrest."  *See* (Doc. 9).

Plaintiff appears to now bring two claims.  First, he claims that there was inadequate training of the police officers, and the police violated the State Uniform Traffic Control Laws and Tampa Police Policy and Procedure Directive.  Second, Plaintiff alleges malicious prosecution because he was wrongfully arrested and the police failed to arrest Ortiz after the facts were made known to them.  *See* (Doc. 9).

However, aside from these general assertions, the Amended Complaint fails to sufficiently allege the requisite elements for such claims.  Moreover, the two counts, as alleged, are presumably state law based, and thus raises the issue of this Court's jurisdiction.  Lastly, as the Court previously noted, the accident at issue occurred in December 2007, and it thus remains unclear whether there may also be statute of limitations concerns.  Consequently, even though the Court construes the Amended Complaint liberally in Plaintiff's favor, Plaintiff's pleadings fails to state a cause of action and should be dismissed under 28 U.S.C. § 1915.  For these reasons, I recommend that the Court **DISMISS** the Amended Complaint

(Doc. 9) and **DENY** Plaintiff's construed motion to proceed *in forma pauperis*.

                                                                Respectfully submitted on this
                                                                11th day of July 2014.

                                                               THOMAS B. McCOUN III
                                                               UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
United States District Judge Steven D. Merryday
*Pro se* Plaintiff